United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| IN RE:  Terrence Prange                         ) | |
| ) | **Chapter 13** |
| ) | **Case No. 15-33455** |
| **DEBTOR**                       ) | **Judge:  Cox** |
| ) | |

**To:**

Terrence Prange, 1839 Bolleana Ct., Hoffman Estates, IL 60195

Cook County Treasurer's Office, 118 N. Clark Street, Room 112, Chicago, IL 60602

Trustee Tom Vaughn, 55 E. Monroe, Suite 3850, Chicago, IL 60603

### NOTICE OF MOTION

Please take notice that on Monday, February 1, 2016 at 9:00 a.m., I shall bring the above motion for hearing before Judge Cox or whomever is sitting in Judge's stead, in the Courtroom normally occupied by Judge Cox at Dirksen Federal Building, Courtroom 680, 219 S. Dearborn, Chicago, IL 60604 and present the attached objection and you may so appear if you so choose.

By: /s/ Joseph P. Doyle
Joseph P. Doyle, Attorney for debtor

### Certification

The undersigned certifies that he served a copy of this notice and attachments to the above named addressed and to the attached service list of creditors by first class mail, postage prepaid, from the mailbox located at Schaumburg, Illinois 60193 or otherwise via the methods shown above, on or before the hour of 4:30 p.m. on December 29, 2015. Unless otherwise indicated by local rules or other applicable rules, parties participating in electronic filing were served by electronic notice transmission.

By: /s/Joseph P. Doyle
Attorney for debtor

**Attorney for the Debtor**
**Prepared By : Joseph P. Doyle**
**Law Offices of Joseph P. Doyle**
**105 S. Roselle Road, Suite 203**
**Schaumburg, IL 60193**
**(Ph): 847-985-1100 (Fax)  847-985-1126**

**United States Bankruptcy Court**
**Northern District of Illinois**
**Eastern Division**

IN RE:   Terrence Prange        )
                                )
                                )
        **DEBTOR**              )    Chapter 13
                                )    Case No. 15-33455
                                )    Judge: Cox


**Objection to Proof of Claim Filed by Cook County Treasurer's Office (1-1)**

   Now Comes Counsel for, Terrence Prange, Joseph P. Doyle, and files this objection to the claim filed by the above named creditor and in support hereof would show the following:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 and this is a core proceeding under 28 USC 157(b)(2).

2. That the debtor filed a petition for relief pursuant to Chapter 13 on September 30, 2015.

3. This Honorable Court has not confirmed the Debtor's Chapter 13 Plan, with secured creditors to be paid 100% and with general unsecured creditors to be paid 100%.

4. That the Chapter 13 Plan requires that the debtor make a plan payment to the Chapter 13 Trustee in the amount of $1,186.00 on a monthly basis for a term of approximately 60 months.

5. The proof of claims date expires on February 16, 2016 for regular unsecured creditors, and March 28, 2016 for government creditors.

6. The proof of claim (1-1) was filed on October 6, 2015.  **See Exhibit A – 2015 Cook Country Treasurer Proof of Claim**

7. However, the proof of claim does not accurately reflect the amount owed. In the proof of claim, the Treasurer's office alleges that the Debtor owes $7,334.03 for the 2010 tax year, payable in 2011, for both installments due and owing that particular tax year plus interest. No other tax year is listed in the proof of claim as being owed to Cook County by the Debtor.

8. The Debtor had a previous Chapter 13 bankruptcy, case number 11-31437, in which the taxes for the 2010 tax year, due and payable in 2011, were included.

9. The Cook County Treasurer initially filed their proof of claim in the Debtor's first bankruptcy on August 16, 2011. In that original proof of claim, the county alleged a total debt owed of $3,449.34, all of which was 2010 tax year debt. **See Exhibit B – Initial 2011 Cook County Treasurer Proof of Claim**

10. In January 2012, the Cook County Treasurer withdrew that proof of claim (which was composed entirely of the 2010 tax year debt), stating the reason to be that the claim was "paid in full." That withdrawal of claim was not reflected on the trustee's website. **See Exhibit C – Cook County Withdrawal of Claim**

11. Cook County then filed another proof of claim in the Debtor's prior Chapter 13 on November 7, 2012 that included the first installment of 2010's payment in that bankruptcy case. **See Exhibit D – 2011 Final Cook County Treasurer Proof of Claim**

12. In the Debtor's prior bankruptcy case, Cook County Treasurer was paid this claim in full, including the first installment of the 2010 tax year. Any confusion on the trustee's website as to tax debt remaining stems solely from the County's withdrawal and then subsequent amendment of the proof of claim. The county's final claim (which included 2010 taxes) of $9,117.00 was paid in full.  **See Exhibit E – Trustee Claim Payout**

13. The Debtor paid the second installment of the 2010 tax year on his own. Cook County acknowledged this on their website when the Debtor checked to confirm his payment was made, and the county even sent the Debtor a refund form for overpayment of the 2010 tax year. It is difficult to imagine Cook County seeking to offer the Debtor a refund on taxes they still deemed him to owe unless he was paid in full for that tax year. **See Exhibit F – Cook County Website Balance; and Exhibit G – Cook County Property Tax Refund Application**

14. Now, in the instant Chapter 13, Cook County has again filed a confusing and misleading proof of claim alleging that they are owed the entirety of the Debtor's 2010 property taxes. As the above indicates, this is simply not true.

15. The County received over $9,000.00 in the prior Chapter 13, all paid by the Chapter 13 trustee to fulfill proof of claim 3-2 in the Debtor's prior Chapter 13. That proof of claim, as clearly seen on the "claim itemization" on page 3 of the claim, included the entire first installment of 2010's

taxes. That, taken with proof above that the Debtor paid his second installment himself, provides sufficient proof that the Cook County Treasurer proof of claim in the instant bankruptcy case is incorrect and should not be paid. The Debtor should not only not have to pay his property taxes twice, but also should not have to pay property taxes he does not owe because the county did not update their records indicating they were already paid.

16. Because there is no attachment to the proof of claim, it does not qualify as an "account summary" and is not sufficient to establish the prima facie validity of the proof of claim. The claim is without any evidentiary value and is unenforceable against the debtor and the debtor's property under any agreement or applicable law pursuant to 11 USC Section 502(b)(1).

### Standard

17. A proof of claim executed and filed in accordance with Rule 3001 shall constitute prima facie evidence of the validity and amount of the claim. Rule 3001(f).

18. Claim objectors carry the initial burden to produce some evidence to overcome the rebuttable presumption of validity. *In re Olde Prairie Block Owner, LLC*, 452 B.R. 687, 695 (Bankr.N.D.Ill 2011).

19. However, once the objector has produced some basis for calling into question allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim in fact is allowable. *In re Vanhook*, 426 B.R. 296, 299 (Bankr.N.D.Ill. 2010).

20. This establishes that the "ultimate burden of proof is part of the claim itself." *In re Drengacz*, 2012 WL 5467757 at *3 (Bankr.N.D.Ill 2012). Essentially, then, it is up to the "claimant to prove entitlement to the claim." *In re Watson*, 402 B.R. 294, 297 (Bankr.N.D.Ind. 2009).

**WHEREFORE**, the Debtor prays this Honorable Court for the following relief:

    A. Sustaining Debtor's Objection to Claim 1-1;

    B. Disallowing Claim 1-1 in its entirety;

    C. For any and all other relief this Court deems fair and proper.

                                                  **By: /s/ Joseph P. Doyle**

                                                  Joseph P. Doyle, Attorney for Debtor

**Attorney for Debtor**
**Prepared by Joseph P. Doyle**
**Law Offices of Joseph P. Doyle**
**105 S. Roselle Road, Suite 203**
**Schaumburg, IL 60193**
**(Ph) 847-985-1100 (Fax) 847-985-1126**